[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A one day trial took place on June 5, 2001, when both parties testified and represented themselves. No other witnesses were called.
The parties were married in New Fairfield, Connecticut on December 5, 1997, about three and one-half years, and separated in November, 2000. The plaintiff (wife) has lived in Connecticut continuously for more than one year, and service of the complaint on the defendant (husband) was personally made. Therefore, the court has jurisdiction of the marriage and the parties. The plaintiff testified that the marriage has broken down irretrievably without any reasonable prospect for reconciliation. There are no minor children issue of the marriage, and neither party has received any public assistance. Therefore, the marriage is dissolved on the ground of irretrievable breakdown, and a decree of dissolution is entered pursuant to § 46b-40 (c)(1) of the Connecticut General Statutes. CT Page 7431
The only issue this court was asked to decide is whether the defendant has a valid equitable claim of $14,898 against the plaintiff's residence at 4 Ansonia Road, New Fairfield, Connecticut which she purchased in her own name on March 30, 1995 about thirty-two months prior to this marriage. The parties agree that the present market value of her residence is $180,000, and after deducting the first mortgage, there is an equity of $39,378.49.
The defendant introduced a list of materials he purchased from April 3, 1995 for $10,356.27 and claimed 314 hours of labor at $40 per hour for $12,560, for a total claim of $22,916.27. The materials he purchased from December 5, 1997, the date of the marriage, to the present time amounted to $5,738.26. The court finds an hourly rate of $20 is the fair market value for his labor, or $6,280, for a total equitable claim of $12,018.26.
On the defendant's financial affidavit dated June 1, 2001, he listed himself as an unemployed lithographer. He is receiving gross unemployment compensation benefits of $235 per week, with a net weekly income of $193. He was self employed, working from the marital residence from May, 1999 through September, 2000. He received an extension to file his federal income tax returns for 1999 and 2000. His total cash assets are in one bank account, with Union Savings Bank, with a present balance of $1,284.91.
The plaintiff is employed as a director of human resources at a convalescent home in Wolcott, Connecticut and lists a gross weekly salary of $1,120, with a net weekly income of $805.76. Her weekly expenses are $680.20, and she listed her credit card debt of $12,766.37. She listed $1,722.50 in two checking accounts and $1,936.97 in a 401K as her only liquid cash assets. She listed a value of $10,070 for her automobile, and her personal property and jewelry at $70,000. She listed the equity in her residence to be $39,378.49. The court finds that the plaintiff was employed throughout the marriage and earned an annual gross salary of about $60,000.
The plaintiff agreed the defendant made certain improvements on the marital residence during the marriage. The defendant admitted he never made any claim at any time while these improvements were being made nor after they were completed. The court believed her testimony that she made all the payments on the first mortgage, taxes, and insurance on the marital residence, from the date of the marriage to the date he left in November, 2000. She also paid all the utilities, cable T.V., the telephone bills, the defendant's automobile insurance, his medical and dental insurance premiums, and trash collection costs, for total CT Page 7432 household expenses of $74,957.32. (See Plaintiff's Exhibit 1.) The only expenses the defendant paid were for food and payments he made on his leased 2001 Ford Ranger. She and the court believed that the defendant was satisfied with this arrangement, and he never made any claim for the $12,018.26 for improvements he made on the marital home until after the complaint was served.
Based on the testimony of both parties, the exhibits introduced into evidence, and the statutory and case law, the defendant failed to establish by a preponderance of the evidence that he demanded payment for the improvements he made on the plaintiff's residence. And she never agreed to pay him. As a court of equity, the court finds her payment of all household expenses totaling $74,957.32, which included expenses solely for his benefit, more than offsets his equitable claim.
Therefore, the defendant's equitable claim is denied.
Petroni, J.T.R.